STATE OF MAINE                                SUPERIOR COURT

                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. CR-08-78

STATE OF MAINE

        v.                                    DECISION AND ORDER

LUCILLE RUSSELL,

        Defendant

Defendant moves to suppress statements and evidence received as the result of a police interview on November 30, 2007. She argues that she made statements as the result of a custodial interrogation, that she was never read her *Miranda* rights, and that she accordingly did not voluntarily make the statements as they were coerced by police trickery.

"[A] Miranda warning is necessary only if a defendant is: (1) in custody; and (2) subject to interrogation." *State v. Higgins*, 2002 ME 77, ¶ 12, 796 A.2d 50, 54 (citation and quotation marks omitted).

> A person not subject to formal arrest may be "in custody" if "a reasonable person standing in the shoes of [the defendant would] have felt he or she was not at liberty to terminate the interrogation and leave" or if there was a "restraint on freedom of movement of the degree associated with a formal arrest." This test is an objective one, and we have stated that in analyzing whether a defendant is in custody, a court may consider the following factors:
> (1) the locale where the defendant made the statements;
> (2) the party who initiated the contact;
> (3) the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant);
> (4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;
> (5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a

reasonable person in the defendant's position would perceive his or her freedom to leave;

(6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it);

(7) whether the suspect was questioned in familiar surroundings;

(8) the number of law enforcement officers present;

(9) the degree of physical restraint placed upon the suspect; and

(10) the duration and character of the interrogation.

These factors are viewed in their totality, not in isolation.

*State v. Dion*, 2007 ME 87, ¶ 23, 928 A.2d 746, 750-751(citations omitted)

While defendant was at the police station in a secured room at the time she offered the statements and she may have been an important player in the investigation, she could not reasonably have believed herself to be not at liberty to terminate the investigation. The recording of the police interview speaks for itself. (Def's. Ex. 1.) Defendant did not believe she was under arrest. She was told that she would not be arrested that day and was free to leave. She was free to leave at all times, in fact at one point, after completing a witness statement, defendant stood up opened the door and left the room to inform the officers that she is finished. At another point, early in the interview, she stands up to take off her jacket. Defendant was not in custody, *Miranda* was accordingly not required.

Defendant argues that the police used trickery coercing her to offer the statements.

Certainly some types of police trickery can entail coercion: consider a confession obtained because the police falsely threatened to take a suspect's child away from her if she did not cooperate. . . . but trickery is not automatically coercion. Indeed, the police commonly engage in such ruses as suggesting to a suspect that a confederate has just confessed or that police have or will secure physical evidence against the suspect. While the line between ruse and coercion is sometimes blurred, confessions procured by deceits have been held voluntary in a number of situations.

*U.S. v. Byram*, 143 F.3d 405, 408 (1st Cir. 1998).

Defendant argues that the police brought her to the station on the false pretense that she would be discussing a burglary, and then elicited statements

from her implicating her in the furnishing of scheduled drugs. This action cannot be said in this court's opinion to be coercion especially given that from the beginning of the interview the police questions involved defendant's prescriptions for medication.[1] (Def's. Ex. 1.) In other words, the ruse is a rather blatant one and does not cross the line into coercion. Defendant's statements were made voluntarily.

The entry is:

Defendant's motion to suppress is DENIED.

July _11_, 2008

Justice Joseph Jabar

---

[1] For example, Def's Ex. 1 begins with defendant handing a pill bottle over to a detective and stating, "I can't believe she overdosed on that stuff." This does not demonstrate the reaction of someone who is fooled by whatever "bait and switch" ruse the police may have attempted. She seems to fully cognize the subject matter of her conversation with the police, that subject matter involves not only the burglary but her connections to the provision of scheduled drugs. In fact, any ruse premised on the burglary is quickly dispensed with at approximately 2 minutes and 30 seconds into Def's Ex. 1, the detective explains that after speaking with Michelle Olds, the burglary obviously happened, however he is now interested in "why" it happened. He then proceeds for the remainder of the interview to pursue a line of questioning about defendant's medication and her distribution of that medication. Approximately 6 minutes and 30 seconds into Def's Ex. 1, the detective introduces Peter Struck to the defendant as an investigator for Maine Drug Enforcement who will be joining in the interview because the investigation goes "beyond" the burglary defendant reported.

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2008-00078

**DOCKET RECORD**

DOB: 11/09/1936
Attorney: GEORGE HESS
          GEORGE A HESS ESQ
          11 LISBON ST., LEWISTON
          PO BOX 423
          AUBURN ME 04212-0423
          APPOINTED 02/12/2008

State's Attorney: WILLIAM SAVAGE

Filing Document: INDICTMENT
Filing Date: 01/30/2008

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1    AGGRAVATED  FURNISHING  OF  SCHEDULED  DRUGS    01/20/2007 WINTHROP
Seq 9391  17-A  1105-C(1)(K)          **Class B**

## Docket Events:

01/30/2008 FILING DOCUMENT -  INDICTMENT FILED ON 01/30/2008

           TRANSFER -  BAIL AND PLEADING GRANTED ON 01/30/2008

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 01/30/2008

01/30/2008 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 01/30/2008
           JOSEPH M JABAR , JUSTICE
01/30/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT ISSUED ON 01/30/2008

           CERTIFIED COPY TO WARRANT REPOSITORY
02/01/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT EXECUTED ON 01/31/2008

02/01/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT RETURNED ON 02/01/2008

02/01/2008 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 02/01/2008

           Bail Amt: $1,000
           Date Bailed: 01/31/2008
02/04/2008 BAIL BOND -  UNSECURED BAIL BOND AMENDED ON 02/01/2008

           Date Bailed: 01/31/2008
02/04/2008 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 03/11/2008 @ 8:00

02/15/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/11/2008

02/15/2008 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/12/2008
JOSEPH M JABAR , JUSTICE
COPY TO PARTIES/COUNSEL
02/15/2008 Party(s): LUCILLE RUSSELL
ATTORNEY - APPOINTED ORDERED ON 02/12/2008

Attorney: GEORGE HESS
02/15/2008 Charge(s): 1
HEARING - ARRAIGNMENT NOTICE SENT ON 02/15/2008

03/11/2008 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 03/11/2008
NANCY MILLS , JUSTICE
DA: WILLIAM SAVAGE
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
03/11/2008 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/11/2008

03/31/2008 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 03/31/2008

03/31/2008 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 03/31/2008

03/31/2008 MOTION - OTHER MOTION FILED BY DEFENDANT ON 03/31/2008

MOTION TO PRESERVE EVIDENCE
03/31/2008 HEARING - OTHER MOTION SCHEDULED FOR 05/06/2008 @ 8:30

MOTION TO PRESERVE EVIDENCE
03/31/2008 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 05/06/2008 @ 8:30

03/31/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 03/31/2008

04/02/2008 Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/01/2008

04/02/2008 Charge(s): 1
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/06/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
04/15/2008 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/07/2008
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
04/15/2008 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 04/09/2008

04/15/2008 MOTION - MOTION FOR FUNDS GRANTED ON 04/15/2008

COPY TO PARTIES/COUNSEL
04/15/2008 MOTION - MOTION FOR FUNDS GRANTED ON 04/15/2008

COPY TO PARTIES/COUNSEL

04/17/2008 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 04/17/2008

04/22/2008 MOTION -  MOTION TO CONTINUE GRANTED ON 04/22/2008
           NANCY  MILLS , JUSTICE
           COPY TO PARTIES/COUNSEL
04/22/2008 Charge(s): 1
           HEARING -  MOTION TO SUPPRESS CONTINUED ON 04/22/2008

04/22/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 05/27/2008 @ 1:00

           NOTICE  TO PARTIES/COUNSEL
04/22/2008 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 04/22/2008

04/22/2008 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 05/27/2008 @ 1:00

04/22/2008 HEARING -  OTHER MOTION SCHEDULED FOR 05/27/2008 @ 1:00

           MOTION TO PRESERVE EVIDENCE
04/24/2008 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 04/24/2008

04/24/2008 HEARING -  OTHER MOTION NOTICE SENT ON 04/24/2008

           MOTION TO PRESERVE EVIDENCE
04/24/2008 HEARING -  MOTION EXPERT WITNESS REPORT NOTICE SENT ON 04/24/2008

04/24/2008 HEARING -  OTHER MOTION CONTINUED ON 04/22/2008

           MOTION TO PRESERVE EVIDENCE
07/15/2008 HEARING -  MOTION EXPERT WITNESS REPORT NOT HELD ON 05/27/2008

07/15/2008 MOTION -  MOTION EXPERT WITNESS REPORT WITHDRAWN ON 05/27/2008

07/15/2008 HEARING -  OTHER MOTION HELD ON 05/27/2008
           JOSEPH M JABAR , JUSTICE
           Defendant Present in Court

           MOTION TO PRESERVE EVIDENCE
07/15/2008 MOTION -  OTHER MOTION GRANTED ON 05/27/2008
           JOSEPH M JABAR , JUSTICE
           MOTION TO PRESERVE EVIDENCE
07/15/2008 HEARING -  MOTION TO SUPPRESS HELD ON 05/27/2008
           JOSEPH M JABAR , JUSTICE
           Defendant Present in Court
07/15/2008 Charge(s): 1
           MOTION - $0.06 MOTION TO SUPPRESS DENIED ON 07/15/2008
           JOSEPH M JABAR , JUSTICE
           Defendant Present in Court

           COPY TO PARTIES/COUNSEL
07/15/2008 ORDER -  COURT ORDER FILED ON 07/15/2008

           ORDER ON MOTION TO SUPPRESS
07/15/2008 Charge(s): 1

TRIAL - DOCKET CALL SCHEDULED FOR 09/03/2008

A TRUE COPY
ATTEST: _____
                    Clerk